Cabell, J.
concurred in the opinion of Parker, J. that the judgment ought to be reversed, and the claim of Tatum allowed.
Brooke, J.
concurred with Brockenbrough, J. on the first and last points of his opinion; but he expressed no opinion on the second point.
Tucker, P.
My brethren being divided in opinion, it becomes my reluctant duty to express my sentiments, for the first time, upon the subject of these revolutionary claims. And 1 shall begin by saying, that notwithstanding the very strong views presented by my brother Brockenbrough in the opinion just delivered, and by my brother Brooke in conference, I still incline to the opinion, that the language of the act of May 1779 cannot be otherwise construed, than to place the continental officers on the same footing with the state line as to half pay, and to include not only those who became supernumerary afterwards, but those also who had become so before the act. If this be so, the case stands upon the same principles as Lilly's case; and congress having provided for the payment of all claims “depending on the principles of the half pay cases already decided” in this court, and having thus adopted the decision in Lilly's case, whether right or wrong, 1 presume the claim of payment under this legislative grant would be availing at the treasury of the United States.
*76 The question here, however, is whether, admitting the identity of Lilly’s case with this, this court is bound to give judgment for the petitioner against the state of Virginia ? This depends of course upon the questions, whether Lilly’s case is conclusively binding upon us ? and if not, whether it was rightly decided ? I espouse the negative of both propositions.
I shall not find it necessary to examine, whether the rule stare decisis has any application to the question of a statute, partaking rather of the character of a contract, than of a general law. If such a distinction can be sustained, it would be the best apology for the utter disregard, in Lilly’s case, of two previous well considered adjudications; but the distinction would, at the same time, relieve the present court from every obligation to follow Lilly’s case, on the score of authority merely. If, on the other hand, the distinction is without foundation, then Lilhfs case is without excuse for overruling the established judgments of this court. For my own part, though I heartily concur in the'propriety of giving to our adjudications as much uniformity as possible, yet I cannot think that a single decision ought to be i-egarded as a precedent binding upon a succeeding court, which is not satisfied with its reasons, but is convinced that the former determination is not law. For a single decision is rarely taken to express the law upon any subject whatsoever, nor does it become law until it has received the corroboration of repeated decisions. And this is peculiarly proper, where that single decision is to be made the entering wedge for the introduction of a most numerous class of cases, by which the revenues and resources of the commonwealth are to be sapped, and heavy burdens to be imposed upon the people. In such a case, it would seem but reasonable that a single decision, however entitled to respect, should not be conclusive upon the judicial mind, but that the question should be reexamined, if a succeeding court is not satisfied *77 with the judgment. And this is peculiarly proper, where the court has been divided as in Lilly's case ; in which the oldest judge (who was also peculiarly qualilied to pronounce upon this revolutionary transaction) dissented from the opinion of his three brethren, one of whom, until very recently before the judgment, coincided with him, and for reasons of great weight, as appears from his opinion. Had he retained his first opinion, the court would have been equally divided. Standing then by itself, I do not think Lilly's case entitled to the weight which is attributed, and justly attributed, to the established precedents of the court.
But Lilly's case is liable to a more serious objection. It has set at naught the previous resolutions in the case of Innis v. Roane, 4 Call 379. which was twice before the court of appeals, at an interval of five years; argued and reargued by most able counsel; and decided unanimously in both cases by this court. If, then, adjudications under this statute are to be held as binding precedents, Lilly's case must be overruled, because it has disregarded binding precedents. If, on the other hand, it was competent to the court, in Lilly's case, to reconsider and reverse the former unanimous decisions on two occasions, it is equally competent to us to reconsider this question, and to pronounce between the conflicting decisions. The alternative, therefore, is either to follow a decision which appears to me erroneous in principle, and in conflict with prior resolutions, or to follow' the former repeated decisions in concordance with my own views, and to overrule Lilly's case, which is altogether at variance with them. I cannot hesitate which to choose.
I have said, that I consider Lilly's case as having given an erroneous construction of the act of May 1779. I shall not enter into an investigation of that question, contenting myself with referring to the opinions of judge Roane, judge Brooke and judge Green, and to the argument of the attorney general in the case of Innis v. Roane. *78 I will merely add, that I cannot concur in tearing the ' ^ words “ if required so to do,” from their place in the context, and placing them in another part of the sentence, so as to qualify other words than those with which they have been placed in apposition by the legislature itself. Taking the law as it stands upon the statute book, and considering the object of the legislature to diminish the charges of the army by disbanding the supernumerary officers, my mind entertains not a doubt, that, according to the true construction, no supernumerary was entitled to half pay, unless he was again called into active service, and so continued till the end of the war. I am therefore of opinion, that the judgment of the circuit superiour court be affirmed.
Judgment affirmed.